IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATH E. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV403 |
| | ) | |
| V. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) For the reasons that follow, Plaintiff's Complaint will be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

    Plaintiff, who is currently incarcerated at the Omaha Correctional Center, has brought suit against the Nebraska Department of Correctional Services, as well several department officials. Liberally construed, Plaintiff alleges that the defendants added more time to his sentence in violation of his constitutional rights.

## II. STANDARDS ON INITIAL REVIEW

    The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff has failed to state a claim upon which relief can be granted. As set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff alleges that Defendants unlawfully increased his sentence. He claims he should have been released from custody on November 7, 2015, but that his

release date was changed to May 7, 2018. (Filing No. 1 at CM/ECF pp. 5, 13.) Clearly, the allegations Plaintiff has raised in his Complaint necessarily implicate the validity of Plaintiff's continued confinement. Thus, this court cannot grant Plaintiff's requested relief without first determining that his present confinement is unlawful. As set forth above, the court cannot address Plaintiff's claims in an action brought pursuant to 42 U.S.C. § 1983. *See Trine v. Houston*, No. 8:06-cv-541, 2006 WL 3408208, *1 (D. Neb. Oct. 23, 2006) ("Decisions which have the effect of extending custody, such as deprivations of good time, are not only properly challenged in a habeas action, but are exclusively the province of habeas corpus review").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice to reassertion in a habeas corpus or other similar proceeding. Judgment will be entered by separate document.

2. Plaintiff's Motion for Class Action Certification (Filing No. 5) is denied as moot.

DATED this 6th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge